UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEPHANIE MONROE,

    Plaintiff,

v.                                                                       Case No.  5:11-cv-583-Oc-TBS

MICHAEL J. ASTRUE, Commissioner of
Social Security,

    Defendant.
_____/

## ORDER

Pending before the Court is Defendant's Unopposed Motion for Entry of Judgment with Remand. (Doc. 12).  The Commissioner requests the Court to remand this case to the Commissioner for further administrative action.  The Commissioner represents that Plaintiff has no objection to remand.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. Shalala v. Schaefer, 113 S. Ct. 2625 (1993). The failure of the administrative law judge to develop the record constitutes sufficient grounds for remand. Brissette v. Heckler, 730 F.2d 548 (8th Cir. 1984), appeal after remand 613 F. Supp. 722 (E.D. Mo. 1985), judgment aff'd in part, rev'd in part, 784 F.2d 864 (8th Cir. 1986).  Where the district court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the administrative law judge to explain the basis for

the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment).   On remand under sentence four, the administrative law judge should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the administrative law judge on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the administrative law judge should consider on remand the need for an orthopedic evaluation).

Following a careful review of the record and filings, the Court agrees with the parties that it is appropriate to remand this matter to the Commissioner and it is:

ORDERED AND ADJUDGED that:

(1)  Defendant's Unopposed Motion For Entry of Judgment With Remand (Doc. 22) is hereby GRANTED.

(2) This action is hereby REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g)[1] to the Commissioner for the following reason:

> The Commissioner believes remand is appropriate to have an administrative law judge (ALJ) reconsider Plaintiff's claim and issue a new decision.  On remand, an ALJ will evaluate all the medical evidence of record to determine whether the evidence establishes Plaintiff has a severe mental impairment and, if so, the extent to which any severe mental impairment found results in

---

[1] Remand pursuant to sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter. Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993).

limitations to be included in Plaintiff's residual functional capacity (RFC). The ALJ should also consider Plaintiff's RFC pursuant to Social Security rulings and regulations, including Social Security Ruling 96-8p. The Commissioner will also consider evidence received in connection with a subsequent disability application Plaintiff filed in June 2010.

(3) The Clerk is DIRECTED to enter judgment accordingly, terminate any pending motions, and close the file.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on May 10, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel